IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GILBERT PATRICK, | : |
| Plaintiff, | : |
| v. | : Case No. 5:24-cv-275-MTT-AGH |
| Judge EDGAR W. ENNIS, JR., *et al.*, | : |
| Defendants. | : |

### ORDER

Plaintiff Gilbert Patrick filed a pleading on the form for a 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. Plaintiff asserts in the filing that he intended to file the case under 42 U.S.C. § 1985, rather than § 1983, but that he was only sent the forms for a § 1983 case. *Id.* at 5. Regardless, based on Plaintiff's allegations and requests for relief, it is unclear whether he is seeking relief under § 1983 or § 1985, or whether, instead, Plaintiff is seeking habeas corpus relief, which would fall under 28 U.S.C. § 2254. Therefore, as explained below, Plaintiff is **ORDERED** to clarify the type of relief that he is seeking by filing either a new civil rights complaint[1] or a § 2254 petition for a writ of habeas corpus.

In his complaint, Plaintiff appears to be challenging his conviction and current incarceration. Additionally, Plaintiff asks to be released from custody. Compl. 6, ECF No. 1. A § 2254 habeas petition is the appropriate pleading for seeking such

---

[1] The Court does not have a separate 42 U.S.C. § 1985 complaint form. If Plaintiff wants to proceed under § 1985, he may file the 42 U.S.C. § 1983 complaint form and note that he believes that his claims should be considered under § 1985, as he did in his original filing.

relief because a writ of habeas corpus is a state prisoner's sole federal remedy when he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment[.]"[2]  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Nevertheless, the Court notes that Plaintiff filed this complaint on the 42 U.S.C. § 1983 form and he indicated that he intended to proceed under 42 U.S.C § 1985.  It therefore remains possible that Plaintiff wants to proceed with a civil rights action.  But habeas corpus cases and civil rights actions are mutually exclusive, meaning that they cannot be brought together in the same proceeding.  Thus, it is necessary for Plaintiff to clarify whether he wants to pursue a civil rights action or a § 2254 habeas petition before this case may proceed.

If Plaintiff wants to proceed with this case, he is **ORDERED** to file either a § 2254 petition or a § 1983 complaint, depending on the type of relief that he is seeking.  If Plaintiff is attempting to challenge his current detention and is seeking release, he should complete and return the habeas petition included with this Order.  Alternatively, if Plaintiff seeks other relief, such as damages or an injunction, for alleged civil rights violations, he should submit a recast 42 U.S.C. § 1983 complaint.

---

[2]  If Plaintiff wants to move forward with a § 2254 petition, he should be aware that he must have exhausted his state court remedies before he will be able to proceed with a federal habeas corpus petition and that the filing of this petition may subject any subsequent petition attacking his state conviction or sentence to the restrictive conditions that federal law imposes on second or successive habeas petitions.  *See* 28 U.S.C. § 2244(b); *see also Castro v. United States*, 540 U.S. 375, 382-83 (2003).

Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this Order to file his recast pleading. Plaintiff's failure to fully and timely comply with this Order may result in dismissal of this case. Additionally, while this case is pending, Plaintiff must promptly notify the Court in writing as to any change in his mailing address.[3]

The Clerk is **DIRECTED** to send Plaintiff a 42 U.S.C. § 1983 complaint form and a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with his service copy of this order (with the case number showing on all). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 5th day of September, 2024.

    s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff's pending motion for leave to proceed *in forma pauperis* will be addressed once Plaintiff files a recast pleading consistent with this Order.