IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

**GILBERT PATRICK,**　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　**Plaintiff,**　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　**V.**　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:　　NO. 5:24-cv-00275-MTT-AGH
**Judge EDGAR W. ENNIS, JR.,** *et al.***,**　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　**Defendants.**　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:

## ORDER OF DISMISSAL

Plaintiff Gilbert Patrick, a prisoner in Augusta State Medical Prison in Grovetown, Georgia, filed a pro se civil rights complaint citing 42 U.S.C. § 1985. ECF No. 1 & 7.[1] He also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). ECF Nos. 2 & 8. Thereafter, Plaintiff's motion to proceed *in forma pauperis* ("IFP") was granted, and Plaintiff was ordered to pay an initial partial filing fee of $20.00. ECF No. 9. Plaintiff has now paid the initial partial filing fee, and thus, his complaint is ripe for preliminary review. On that review, Plaintiff's complaint is now **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

---

[1] Plaintiff filed his initial complaint on a 42 U.S.C. § 1983 complaint form, asserting that he wanted to bring a case under 42 U.S.C. § 1985. ECF No. 1 at 1, 5. Because Plaintiff appeared to be challenging his conviction, he was informed that the proper method for raising such a challenge is a habeas corpus petition under 28 U.S.C. § 2254. ECF No. 6 at 1-2. Plaintiff was then ordered to clarify the type of relief that he was seeking by filing either a habeas petition or a new civil rights complaint. *Id.* at 2. Plaintiff refiled his complaint on a new § 1983 form, again asserting that he wanted to proceed under 42 U.S.C. § 1985. ECF Nos. 7 & 7-2. Thus, his case is considered accordingly below.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I. Standard of Review

The Prison Litigation Reform Act ("PLRA") directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id*. (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter,

2

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id*. at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

II. Factual Allegations

Plaintiff's complaint names as defendants Bibb County Judge Edgar W. Ennis, Jr., Bibb County District Attorneys Shelley Milton and William Johnson, and Bibb County

Attorney John Carter. ECF No. 7 at 4. Plaintiff is challenging actions taken in his criminal case. *Id.* at 5. In particular, Plaintiff asserts that the judge and attorneys interfered with the jury's deliberations after a verdict could not initially be reached. *Id.* He also contends that the defendants conspired to "plant false evidence." *Id.*

Plaintiff asserts that his conviction was not fair and requests that it be set aside. *Id.* at 6. He also asks for monetary damages against the defendants. *Id.* Plaintiff specifies in an attachment to his complaint that he wants to proceed with a case under 42 U.S.C. § 1985. ECF No. 7-2 at 1.

III.  Plaintiff's Claims

To the extent that Plaintiff is challenging his conviction and seeking release from incarceration, this type of relief is not available in this action, regardless of whether it is considered under 42 U.S.C. § 1983 or 42 U.S.C. § 1985. Instead, a 28 U.S.C. § 2254 habeas petition is the appropriate pleading for seeking such relief because a writ of habeas corpus is a state prisoner's sole federal remedy when he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

To the extent that Plaintiff has indicated that he wants to proceed under 42 U.S.C. § 1985, he has not stated a claim under that statute. Notably, § 1985 applies to conspiracies to interfere with a person's civil rights. Section 1985(1) prohibits individuals from conspiring to interfere with federal officers performing their duties. Section 1985(2)

4

prohibits individuals from conspiring to interfere with a witness in relation to his or her testimony in federal court. And § 1985(3) prohibits individuals from conspiring to deprive a person of equal protection of the laws.

Plaintiff's allegations do not fall under § 1985(1) because he has not made any "allegations about a conspiracy to prevent an officer from performing his duties," and they do not fall under the first part of § 1985(2) because he does not allege any facts relating to a conspiracy to deter testimony in federal court. *Lumpkin v. Att'y Gen., Fla.*, 703 F. App'x 715, 717 (11th Cir. 2017) (per curiam). Moreover, the second part of § 1985(2) and § 1985(3) require a plaintiff to "allege the existence of a 'racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Childree v. UAP/GA AG CHEM, Inc.*, 92 F.3d 1140, 1147 (11th Cir. 1996)). Plaintiff does not allege any facts to show such a basis for the alleged conspiracy. Thus, Plaintiff has not stated a claim for relief under any of the subsections of 42 U.S.C. § 1985.

Additionally, even if this Court were to construe Plaintiff's complaint as being brought under 42 U.S.C. § 1983, he still has not stated a claim for relief. As noted above, Plaintiff's claims seeking release would have to be raised in a habeas corpus petition, rather than a § 1983 complaint. And insofar as Plaintiff seeks monetary damages, his claims would necessarily imply the invalidity of his conviction, which means that these claims would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff's claims against the judge and prosecuting attorneys would also be barred by judicial immunity and prosecutorial immunity respectively. *See Sibley v. Olando*, 437 F.3d 1067, 1070 (11th

5

Cir. 2005); *Imbler v. Pachtman*, 424 U.S. 409 (1976).

Finally, Plaintiff does not provide any facts regarding John Carter's role in Plaintiff's criminal case. If Carter was Plaintiff's defense counsel, he would not be considered a state actor for the purpose of 42 U.S.C. § 1983. Although Plaintiff asserts that Carter acted in conspiracy with the judge and prosecuting attorneys, he makes only broad and conclusory allegations of a conspiracy, without any support to establish that Carter was acting under color of state law. This is insufficient to show that Carter was a state actor. *See Lloyd v. Card*, 283 F. App'x 696, 700 (11th Cir. 2008) (per curiam). Thus, even considered under 42 U.S.C. § 1983, Plaintiff's allegations do not state a claim for relief.

IV.   Conclusion

As set forth above, Plaintiff's complaint does not state a claim for relief under either 42 U.S.C. § 1985 or 42 U.S.C. § 1983. Therefore, this case is now **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED**, this 25th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT